

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO MERCHAN ROCHA, | No. 14-16045 |
| Petitioner - Appellee, | D.C. No. 2:14-cv-00051-RCJ-VCF |
| v. | |
| VERONICA MOLANO FLOREZ, agent of Veronica Gabrielle, | MEMORANDUM* |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and BENITEZ, District
Judge.**

Respondent Veronica Gabrielle appeals from the district court's grant of

Francisco Merchan Rocha's petition under the International Child Abduction

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Roger T. Benitez, District Judge for the U.S. District Court
for the Southern District of California, sitting by designation.

Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, ordering the return of their daughter ("SMM") to Mr. Rocha's custody in Colombia. We affirm.

1. SMM's habitual residence was in Colombia. Giving the district court's findings great deference, *Mozes v. Mozes*, 239 F.3d 1067, 1077-78 (9th Cir. 2001), the parents did not have a mutual settled intention to abandon Colombia as SMM's habitual residence.

2. Respondent concedes the Petition for Return was filed within one year of the wrongful retention date. The "well settled" exception under Article 12 of the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), Oct. 24, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, is inapplicable to this case.

3. Petitioner did not acquiesce to SMM's retention in the United States. While Petitioner allowed SMM to extend her stay in the United States to pursue her permanent resident application, there is no evidence to unequivocally demonstrate that Petitioner agreed to let SMM stay in this country indefinitely. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1019 (9th Cir. 2009).

4. Respondent failed to show by clear and convincing evidence that SMM would suffer psychological harm if she is returned to Colombia. *See Cuellar v. Joyce*, 596 F.3d 505, 509 (9th Cir. 2010).

5.  The district court did not err by declining to apply the child preference exception under Article 13 of the Convention.  Application of the exception is discretionary.  *See* Convention, art. 13, ¶ 2.  The record indicates that the district court properly exercised its discretion.

AFFIRMED.